# EXHIBIT N

# Memorandum

| Subject | Date |
|---|---|
| Warrant Execution Instructions Regarding: Sanders, Kenneth Reg. No. 08480-007 DCDC No. 243-923 | May 9, 2002 |

| To | From |
|---|---|
| U.S. Marshal District of Columbia - District Court 333 Constitution Avenue, N.W. Room 7337 Washington, D.C. 20001 Attn: Warrant Squad | Deirdre Jackson Case Analyst U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible.**

**If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant. Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed. If after executing this warrant, it is determined that another arrest warrant for the parolee has been executed or was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, release the parolee to the other arrest warrant and place the violator warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case.

If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

cc: Sharon Barnes-Durbin, SCSA
   CSS Data Management Group
   D.C. Court Services and Offender Supervision Agency
   300 Indiana Avenue, N.W., Suite 2149
   Washington, D.C. 20001

 

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

---

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Sanders, Kenneth, Reg. No. 08480-007, DCDC No. 243-923, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 6 years (original); 2176 days (parole violator term) for the crime of Attempted First Degree Theft; Destroying Property; Burglary II and was on October 19, 2000 released on parole from Baltimore CCM with 1587 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on May 9, 2002

_____
U.S. Parole Commissioner

---

**Sanders, Kenneth**
**Reg. No. 08480-007    DCDC No. 243-923**

## WARRANT For Return Of Prisoner Released To Supervision

Name: Sanders, Kenneth          Institution: Baltimore CCM
Reg. No. 08480-007              DCDC No. 243-923

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ E _____ District of _____ VA _____ ss:

Received this writ the _____ day of _____, 20____, and executed same by arresting the within-named _Kenneth Sanders_ this _23RD_ day of _November_, 20_02_, at _Arlington Co ADC_ and committing him to _the same._

_John F. Clark_
U.S. Marshal

_KB Connelly_
Deputy Marshal

Further executed same by committing him to _____ at _____ on _____, 20____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _5/9/02_

_Faxed to Arlington County Jail Records for transfer to inmate._
Prisoner's Signature          Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

Sanders, Kenneth
Reg. No. 08480-007   DCDC No. 243-923

U.S. DEPARTMENT OF JUSTICE  
UNITED STATES PAROLE COMMISSION

WARRANT APPLICATION  
D.C. Code Offender

---

Name ............................ Sanders, Kenneth

| | |
|---|---|
| Reg. No ......................... 08480-007 | Termination of Supervision.......... 02-22-2005 |
| DCDC No. ..................... 243-923 | [If Conviction Offense Before April 11, 1987 And |
| FBI No .......................... 425756W6 | Offender Is On Mandatory Release, Termination |
| Birth Date..................... ■ | Date Is 180 Days Prior To Full Term] |
| Race............................. Black | Violation Date ............................ 9/20/2001 |
| Date ............................. May 9, 2002 | Released ..................................... October 19, 2000 |

Sentence Length............ 6 years (original); 2176 days (parole violator term)  
Original Offense ............ Attempted First Degree Theft; Destroying Property; Burglary II

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**  
**Charge No. 1 - Violation of Special Condition (DAPS).** On 9/20/2001 subject was terminated from the Potter's Transformation Center treatment facility for failing to comply with program rules and use of drugs. This charge is based on the information contained in the violation report dated 3/14/2002 from Community Supervision Officer Danielle Brown and the termination letter dated 9/25/2001.  
I ADMIT [ ] or DENY [ ] this charge.

---

Sanders, Kenneth  
Reg. No. 08480-007    DCDC No. 243-923




**Charge No. 2 - Failure to Report Change in Residence.** On 9/20/2001, the subject left his last known residence at the Potter's Transformation Center, 453 Tenn Ave, NE, Washington, DC 20002. The subject has failed to advise his Community Supervision Officer of his current address and his whereabouts are unknown. This charge is based on the information contained in the violation report dated 3/14/2002 from Community Supervision Officer Danielle Brown.
**I ADMIT [ ] or DENY [ ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued.................. **May 9, 2002**

Deirdre Jackson, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit III, 3850 South Capitol**

Sanders, Kenneth
Reg. No. 08480-007    DCDC No. 243-923