# **EXHIBIT R**

Case 1:05-cv-02003-RWR     Document 7-20     Filed 12/01/2005     Page 1 of 5

# REVOCATION HEARING SUMMARY

| | |
|---|---|
| Name .......... : SANDERS, Kenneth R. | Supervision ..... : parole |
| Reg ............ : 08480-007 | Months in Custody : 15 |
| Examiner ....... : Kathleen A. Pinner | Custody Type ... : |
| Warrant Executed : 11/23/02 | Projected MR Date : 3/28/06 |
| Preliminary Interview: None | Full Term Date .. : 3/28/07 |
| Institution ...... : Philadelphia FDC | Hearing Date .... : 2/25/03 |
| 2nd Designation . : Rivers Correctional Institution | |
| Revoking District : | |
| Hearing Type .... : Institutional | |

MONTHS IN CUSTODY: As of 3/8/03.

No PI or PC Hearing conducted, as subject had a conviction.

**I. Counsel And Witnesses:**

Federal Public Defender
Eastern District of Pennsylvania
437 Chestnut Street
Lafayette Building, Suite 800
Philadelphia, PA 19106-2414

**Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:**

None.

**II. Procedural Considerations:**

None.

**III. Review of Charges:**

Charge No. 1 - Violation of Special Condition (DAPS).

SANDERS.848   Typist: SDS   Date Typed: March 4, 2003        Page 1 of 4

Subject denies the charge. He stated that he ~~wants~~ left the halfway house, because the director of the halfway house, Dr. Steele, was using drugs. Subject stated that he told his PO this on numerous occasions and did not get a response from her concerning this. He stated that he left that program and then entered a second program, The Samaritan House, about a month later. He stated however, that he had to leave that program because of some skin disorders and indicated that he was treated at Howard University Hospital and had informed his PO of that also.

**Evidentiary Finding:**

Based on information contained in CSO Brown's letter of 3/14/02, a finding is recommended.

Charge No. 2 - Failure to Report Change in Residence.

Subject denies the charge. He stated that he did not leave his residence. He stated that he did talk to his PO, but as indicated, he never left the residence.

**Evidentiary Finding:**

No finding is made.

Charge No. 3 - Law Violation: Felony Concealment.

Subject admits the violation but denies the dollar amount. He provided this examiner with a copy of the Judgment from Arlington County which indicated that the dollar amount was less than $200. Regarding the cologne in the Abacrombie and Fitch Store, subject stated that he thought the small bottles were free samples. Regarding the hats, he stated he did not actually steal the hats, but that he saw another individual steal them and put them in a bag next to a trash can outside the mall and took that bag.

**Evidentiary Finding:**

Based on subject's conviction, a finding is recommended.

**IV. Findings of Fact And Basis:**

The Examiner finds that subject has committed the following violation(s): Charge No. 1 - Violation of Special Condition (DAPS).

Basis: Information contained in CSO Brown's Violation Report dated 3/14/02.

Charge No. 3 - Law Violation: Felony Concealment.

Basis: Your admission to the examiner and your conviction in Arlington County Circuit Court on 1/22/02.

**No Findings And Supporting Rational:**

SANDERS.848    Typist: SDS    Date Typed: March 4, 2003              Page 2 of 4

 

The Examiner makes no finding concerning the following charge(s): Charge No. 2 - Failure to Report Change in Residence.

Basis: Insufficient evidence to support the finding.

**V. Previous Commission Action:**

Please see PHA dated 12/24/02.

**VI. Community Resources And Issues:**

Subject stated that he will reside with his mother in Woodbridge, VA, upon his release.

**VII. Salient Factor Score:**

    1   - A. Prior Convictions/Adjudications (Adult or Juvenile)
    0   - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
    3   - C. Age at Current Offense/Prior Commitments
            (5 or more commitments)
    0   - D. Recent Commitment Free Period (Three Years)
    0   - E. Probation/Parole/Confinement/Escape Status Violator
    0   - F. Older Offenders
    4   - **Total Salient Factor Score**

**VIII. Evaluation:**

Regarding Charge No. 2, there is no indication in the CSO's letter of 3/14/93, that she ever made contact with anyone at the residence. She stated that she left a letter at the residence for the subject to report, but does not say if she actually talked to anyone about subject's presence in the residence. She also sent a Certified Letter, but again there is no indication that she actually went to the residence, that when she was at the residence, she actually spoke to anyone about subject. Therefore, this examiner does not believe there is enough evidence to support that finding.

Regarding Charge No. 1, this examiner does not believe subject's version of the offense behavior that the drug program director had lied about him. Subject stated that he had never left the Center, never took the television and that the center director was using drugs. He indicated that he told the CSO this, but a review of the CSO's chronological records does not indicate any comments from subject about this.

The subject is a DC Code violator. He will forfeit street time. This examiner is unsure why this case was not treated as an Expedited case, as subject was already above the guidelines at the time of his designation for this hearing. Never the less, the examiner is recommending a parole date of 5/8/03, after the service of 17 months, with the Special Drug Aftercare Condition on guidelines 8-12 months.

**IX. Recommendation:**

SANDERS.848    Typist: SDS    Date Typed: March 4, 2003    Page 3 of 4




Revoke parole. None of the time spent on parole shall be credited. Parole effective after the service of 17 months on 5/8/03. You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

X. Reasons:

Your parole violation behavior has been rated as Category One severity because it involved criminal violations, specifically: 1 - Theft of Less Than $2,000 and Administrative Violations. Your new salient factor score is 4. As of your hearing date of 2/25/03, you have been in custody for 15 months. Guidelines established by the Commission indicate a customary range of 8-12 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted. You, however, will serve above the guidelines because of your time in custody before the hearing and time is needed for case processing and release planning.

Subsequent statutory interim not required

SANDERS.848    Typist: SDS    Date Typed: March 4, 2003    Page 4 of 4